IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORNELIA PIETTE,

        Plaintiff,                    No. 2:12-cv-02517 MCE KJN PS

    vs.

JOHN M. KOEHN,

        Defendant.              <u>ORDER AND</u>
_____/   <u>FINDINGS AND RECOMMENDATIONS</u>

        On October 9, 2012, defendant John M. Koehn filed a notice of removal in this court to effectuate the removal of a state court action pending in Yuba County Superior Court. (Dkt. No. 1.)[1] Having reviewed the notice of removal and accompanying documentation, the undersigned concludes that this court lacks subject matter jurisdiction over the action and recommends that this case be summarily remanded to the Yuba County Superior Court.

        A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

---

[1] This matter proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

> In relevant part, the federal removal statute provides:
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also

1  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he
2  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
3  rule,' which provides that federal jurisdiction exists only when a federal question is presented on
4  the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091
5  (citation and quotation marks omitted). "In determining the existence of removal jurisdiction,
6  based upon a federal question, the court must look to the complaint *as of the time the removal*
7  *petition was filed*." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)
8  (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit
9  removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere
10 presence of a federal issue in a state cause of action does not automatically confer federal
11 question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to
12 remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v.
13 Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d
14 815, 821-22 (9th Cir. 1985).

15         Here, removal cannot be based on federal question jurisdiction. Defendant's
16 notice of removal and accompanying documents make clear that the underlying state court action
17 concerns the assessment and enforcement of alleged child support obligations under the Uniform
18 Interstate Family Support Act, as adopted by California in California Family Code sections 4900
19 et seq., against defendant by plaintiff Cornelia Piette, with the assistance of the County of Yuba
20 Department of Child Support Services.[2] (See generally Dkt. No. 1.) The state court action
21 plainly does not arise under any federal law.

22         Although defendant's arguments are to a large extent unintelligible, he appears to
23 contend that the state court lacks subject matter jurisdiction over him for a variety of reasons, that
24 plaintiff and the state family court is attempting to divest him of his parental rights, and that

---

[2] Plaintiff allegedly resides in Germany, and defendant also vaguely alleges some involvement by the German Institute for Youth and Family.

plaintiff, the state court, and others have violated several of his constitutional rights.  He further states that the state family court is implementing "foreign and alien law" (in particular, Soviet Article 81 family law)  against "the will of the people, as these laws are asserted by Radical Third Wave Feminists, Gay and Lesbian Organizations, and other Foreign and Alien agents, agencies, and assigns." (See Dkt. No. 1 at 37.)

Even assuming that defendant has any federal defenses or counterclaims, such defenses and counterclaims must generally be raised in the state court action and do not provide a basis for removal.  "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")  Furthermore, to the extent that plaintiff contends that the state court is violating his constitutional rights, the proper recourse is an appeal of the state court judgment in the state appellate courts – not removal to federal court.

Furthermore, this action cannot be removed on grounds of diversity jurisdiction.  Defendant indicates that he is domiciled in Marysville, California (Dkt. No. 1 at 23) and is therefore a citizen of California.  As such, he cannot remove the action from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*") (emphasis added).

1    Based on the aforementioned analysis, the court finds that remand is appropriate,
2 because the court lacks subject matter jurisdiction over the removed state court action concerning
3 child support obligations.

4 CONCLUSION

5    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

6    1. The action be summarily REMANDED to the Yuba County Superior Court;

7    2. The Clerk be directed to serve a certified copy of this order on the Clerk of the
8 Yuba County Superior Court, and reference the state case number (YCSCFSSQ12/185) in the
9 proof of service; and

10    3. The Clerk be directed to close this case.

11    In light of the above-stated recommendations, IT IS ALSO HEREBY ORDERED
12 that:

13    1. The status (pre-trial scheduling) conference set for March 14, 2013, is
14 VACATED.  If necessary, the court will reschedule the date of that conference.

15    2. The Clerk shall serve courtesy copies of this order on plaintiff Cornelia Piette
16 and Ami Elizabeth Scarfe (Yuba County Department of Child Support Services) at the addresses
17 listed in defendant's proof of service appearing at page 84 of Document number 1.

18    These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
20 (14) days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
23 shall be served on all parties and filed with the court within fourteen (14) days after service of the
24 objections.  The parties are advised that failure to file objections within the specified time may
25 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
26 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: October 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE